## IN UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FORT SMITH DIVISION

**GARY W. PAYNE, JR.,**                                                                    **PLAINTIFF**

**vs.**                                          **Civil No. 2:19-cv-02016**

**ANDREW SAUL[1],**                                                                    **DEFENDANT**
**Commissioner, Social Security Administration**

## MEMORANDUM OPINION

Plaintiff, Gary W. Payne, Jr., brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A).   In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.   *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.   ECF No. 4.   Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

## 1.    Background:

Plaintiff protectively filed his application for DIB on August 13, 2016.   (Tr. 51, 311-12, 325)[2].   In his application, Plaintiff alleged being disabled because of pain, weight, depression, heart, and blood pressure.   He alleged an onset date of November 23, 2014.   (Tr. 51, 325-26).

---

[1]  Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 12, These references are to the page number of the transcript itself not the ECF page number.

Plaintiff's application was denied initially and again upon reconsideration. (Tr. 51). Plaintiff requested an administrative hearing and that administrative hearing was held on June 26, 2018. (Tr. 178-202). At this hearing, Plaintiff amended his alleged onset date to December 23, 2015. (Tr. 51, 181). Plaintiff was present and represented by counsel, Fred L. Caddell. (Tr. 178-202, 406). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 178-202).

Following the administrative hearing, on August 22, 2018, the ALJ entered an unfavorable decision. (Tr. 48-65). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2018. (Tr. 53, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity from his alleged onset date of December 23, 2015, through his date last insured. (Tr. 53, Finding 2). The ALJ determined Plaintiff had the severe impairments of morbid obesity; arthralgia; major depressive disorder, moderate; and social anxiety disorder. (Tr. 53-54, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 54-55, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC for the above time period. (Tr. 56-63). The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record. (*Id.*). The ALJ determined Plaintiff retained the RFC to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb ramps or stairs; never climb ladders, ropes, and scaffolds; occasionally balance, stoop, kneel, crouch; never crawl; and must avoid even moderate exposure to hazards such as dangerous machinery and unprotected heights. In addition, the claimant is limited to work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment, and the supervision required is simple, direct, and concrete.
> *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was incapable of performing any of his PRW. (Tr. 63, Finding 6). The ALJ found, based upon the testimony of the vocational expert, that there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 63-64, Finding 10). The ALJ found Plaintiff could perform the representative occupations of: tile table worker with approximately 2,892 jobs in the nation, a toy stuffer with approximately 3,725 jobs in the nation, or an eyeglass frame polisher with approximately 1,723 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff was not under a disability at any time from the alleged onset date, through the date last insured. (Tr. 64, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 309-10). On January 3, 2019, the Appeals Council declined to review the ALJ's disability determination. (Tr. 8-13). On January 30, 2019 the Appeals Council set aside their earlier decision to consider additional information, but again declined to review the ALJ's disability determination. (Tr. 1-4). On January 30, 2019, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

## 2.    **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable

clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

Plaintiff brings the present appeal claiming the ALJ's RFC was not supported by substantial evidence on the record as a whole and was based on legal error. ECF No. 14, p. 7. Plaintiff raised the following four arguments in his brief: 1) The ALJ erred by discounting Plaintiff's subjective complaints; 2) The ALJ improperly evaluated his obesity under SSR 02-1p, particularly in combination with his sleep apnea; 3) The ALJ erred in assigning greater weight to the opinion of consultative examiner, Dr. Terry Efird, than to that of Plaintiff's mental health provider, Counselor Goff; 4) The functional capacity evaluation (FCE) conducted after the hearing

4

should be considered as part of the record, and on the whole shows Plaintiff could not perform even sedentary work. ECF No. 14. In response, Defendant argues that substantial evidence supports the ALJ's RFC determination and more particularly that: 1) The ALJ properly assessed the intensity of Plaintiff's impairments; 2) The ALJ properly evaluated Plaintiff's obesity under SSR02-1p; 3) Consultative evaluations support the ALJ's RFC assessment, and the ALJ placed additional limitations on Plaintiff's RFC based upon his reported symptoms; and 4) the FCE itself supports the ALJ's RFC Assessment. ECF No. 15, pp. 4-13.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily

affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of December 2019.**


/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE